# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40253

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2018

Lyle W. Cayce
Clerk

MICHAEL LANE,

Plaintiff-Appellant

v.

JOHN A. RUPERT, Individually & in his/her official capacity as Warden;
LARRY S. DOLYE, Individually & in his/her official capacity as Assistant
Warden; JEFF CATOE, Individually & in his/her official capacity as Assistant
Warden; PATRICK COOPER, Individually & in his/her official capacity as
Assistant Warden; GUILLERMO DELAROSA, Individually & in his/her
official capacity as Major; EDWIN K. ATCHISON, Individually & in his/her
official capacity as Major; JASON SMITH, Individually & in his/her official
capacity as Correctional Officer; TINA STAPLES, Individually & in his/her
official capacity as Correctional Officer; TONIA L. BROWN, Individually & in
his/her official capacity as Correctional Officer; DONNA G. MATTIEWS,
Individually & in his/her official capacity; JANE DOES; JOHN DOES,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:14-CV-14

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-40253

Michael Lane, Texas prisoner # 1238595, seeks leave to appeal in forma pauperis (IFP) from the district court's dismissal of his 42 U.S.C. § 1983 complaint.  By moving to proceed IFP, Lane is challenging the district court's determination that his appeal has not been brought in good faith.  *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997).

In support of his motion, Lane states, without elaboration, that the district court raised and denied claims that he did not raise in his complaint and that he seeks permission to proceed IPP "to redress his actual claims." Further, he asserts that "the constitutional violation [he] raised in his § 1983 lawsuit was established at the time of the filing" and that "the defendants knew their actions were wrong" and they disregarded his constitutional rights. Finally, he asserts that he gave the defendants the opportunity to correct their wrongful actions, but they failed to do so.

Lane has not addressed or identified any specific legal errors on the part of the district court.  He has not briefed any argument challenging the district court's dismissal of the majority of his claims as frivolous or for failure to state a claim.  Nor does Lane provide any specific challenge to the district court's order granting summary judgment in favor of defendants Tonia Brown, Tina Staples, or John Rupert.  By failing to brief these issues, Lane has abandoned them on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987).  Thus, Lane has not shown that he will raise a nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, Lane's motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24.

The dismissal of the instant appeal counts as a "strike" under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996). Lane received two strikes in *Lane v. Rupert*, 600 F. App'x 952, 953 (5th Cir.

No. 17-40253

2015), and has now accumulated three strikes under § 1915(g). As a result, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED.